UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00189-MR

| IAIAN EVANS MCCLELLAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| DAVID E. COTHRAN, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's letter directed to the Clerk of Court [Doc. 9], which the Court construes as a motion to amend his Complaint.

Pro Se Plaintiff Iaian Evans McClellan ("Plaintiff") filed his Complaint on July 10, 2020, seeking relief under 42 U.S.C. § 1983.[1] [Doc. 1]. Plaintiff has moved to proceed without prepayment of fees and the Clerk is waiting to receive Plaintiff's Prisoner Trust Account Statement from Plaintiff's current place of incarceration, Marion Correctional Institution. [See Docs. 3, 8]. Initial review of Plaintiff's Complaint, therefore, has not yet been conducted. On July 16, 2020, the Clerk mailed Plaintiff an Order of Instructions advising

---

[1] Plaintiff filed his action in the Eastern District of North Carolina on July 10, 2020. The same day, the Richard E. Meyers II, United States District Judge, transferred the action to this District where venue is appropriate. [Doc. 5].

Plaintiff of "several essential requirements of proceeding in this Court pursuant to Standing Order 3:19-mc-54-FDW." [Doc. 7]. In this Order, Plaintiff was instructed that all documents in this case must include the case number at the top of the first page. Plaintiff was also instructed that, "[l]etters to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court." [Id. at ¶¶ 4-5].

Plaintiff's letter to the Clerk, which contains no case number, asks the Clerk to make certain "'common sense' corrections" to his Complaint or, in the alternative, to mail Plaintiff's Complaint back to him so that he may make the corrections. Typically, such letters would be ignored in accordance with the Order of Instructions in this case. Because, however, this Order was necessarily not received by Plaintiff before he mailed this letter, the Court will treat it as a motion to amend Plaintiff's Complaint.

Here, leave of Court is not necessary for Plaintiff to amend his Complaint "once as a matter of course." See Fed. R. Civ. P. 15(a)(1). Initial review has not been conducted and no responsive pleading is yet due. See id. Even if leave were required, the Court would freely grant it. See Fed. R. Civ. P. 15(a)(2). As such, although not required for Plaintiff to proceed, the Court will grant Plaintiff's motion to avoid confusion on this issue.[2]

---

[2] In granting Plaintiff's motion to amend, the Court makes no determination on Plaintiff's

The Court further advises Plaintiff that his amended complaint must be complete in and of itself. This is because the amended complaint will supersede the original complaint, meaning the original complaint will no longer have any force. In other words, Plaintiff may not amend the complaint "piecemeal"—he simply cannot add on to what he has already alleged in the complaint. To this extent, the Court will instruct the Clerk to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to amend complaint [Doc. 9] is **GRANTED**. Plaintiff shall file his amended complaint within thirty (30) days of this Order or his Complaint may be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk is respectfully instructed to mail Plaintiff a blank Section 1983 form.

**IT IS SO ORDERED.**   Signed: August 4, 2020



Martin Reidinger
Chief United States District Judge

---

pending "Motion for Extension of Time to File Claim After Three Year Deadline," which Plaintiff filed with his Complaint in this matter. [Doc. 2].