UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00189-MR

| IAIAN EVANS MCCLELLAN, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) ORDER |
| | ) |
| DAVID E. COTHRAN, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Second Amended Complaint,[1] filed under 42 U.S.C. § 1983. [Doc. 18]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Also pending before the Court are Plaintiff's "Motion for Extension of Time to File Claim After Three Year Deadline," [Doc. 2], and Plaintiff's letter in which he seeks certain relief, [Doc. 13]. Plaintiff is proceeding in forma pauperis. [Docs. 3, 17].

I. **BACKGROUND**

Pro Se Plaintiff Iaian Evans McClellan ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional

---

[1] The Court will construe Plaintiff's Second Amended Complaint [Doc. 18] as a motion to amend complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and as a proposed amended complaint. Plaintiff's Second Amended Complaint also includes a request for preliminary injunctive relief, which the Court will address below. [Id. at 6].

Institution ("Marion") in Marion, North Carolina. Plaintiff filed this action on July 10, 2020, pursuant to 42 U.S.C. § 1983, naming as Defendants Berry Carver, identified as the Superintendent at Marion; David E. Cothron, identified as the Assistant Superintendent at Marion; Jeff James, identified as the Unit Manager at Marion; Jodi Bradley, identified as a Correctional Officer at Marion; Todd Schitter, identified as a Correctional Officer at Marion; and Robert T. Barker, identified as Disciplinary Hearing Officer at Marion.[2] [Doc. 1 at 3-4].

With his Complaint, Plaintiff filed a "Motion for Extension of Time to File Claim After Three Year Deadline." [Doc. 2]. In this motion, Plaintiff asked that he essentially be excused from application of the statute of limitations governing one of his claims because his legal materials had been taken from him for a period of one month during the three-year period following the alleged incident. [See id. at 1].

Before the Court conducted its initial review, Plaintiff moved to amend his Complaint. [Doc. 9]. The Court granted Plaintiff's motion, although Plaintiff could have amended without leave. [Doc. 12 at 2-3]. On August 13, 2020, Plaintiff filed an Amended Complaint. [Doc. 15]. He named nearly

---

[2] Plaintiff originally filed his action in the Eastern District of North Carolina. The same day, the Honorable Richard E. Meyers II, United States District Judge, transferred the action to this District where venue is appropriate. [Doc. 5].

the same Defendants, omitting Defendant Carver, and adding Defendant A. Corpening, whom Plaintiff identified therein as the Superintendent at Marion. [Id. at 2-4]. Then, on September 28, 2020, Plaintiff filed a Second Amended Complaint, but failed to seek leave of Court to do so. [See Doc. 18]. Under Rule 15(a)(2), where a plaintiff has previously amended his complaint, he may amend it again "only with the opposing party's written consent or the court's leave," which should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). For the sake of efficiency, the Court will allow Plaintiff to amend his complaint and addresses Plaintiff's Second Amended Complaint for purposes of the Court's initial review here.

In his Second Amended Complaint, Plaintiff named the same Defendants as in his Amended Complaint. He alleges, in pertinent part, as follows:

> I was at inmate receiving when my personal was mishandled at Marion correctional on the date of June 22, 2017. I was on "F" unit on the date of June 14, 2018 in the shower when prison guards failed to protect me from harm of me being attacked by another prisoner.
> …
> Officer Jodi Bradley labeled my property as non-threatening contraband when same property had been allowed at other prisons! Then on June 14, 2018 officer Todd Schitter failed to protect me by opening prisoner Joshua Carter cell door when me and this prisoner was in separate program groups. David Cothron, A. Corpening, Jeff James, and

3

> Robert T. Barker. All these persons at some point became involved in both incidents as supervising authorities.

[Id. at 5-6 (grammatical errors uncorrected)].

Plaintiff purports to state claims under 42 U.S.C. § 1983 for "'failure to protect from harm of another prisoner.' Deprivation of Religious materials, due process, access to the courts, cruel and unusual punishment, state officials committing fraud and embezzlement while using [his] name." [Id. at 4]. Plaintiff's alleged damages include lost property and "[having] to receive first aid after being attacked and assaulted by another prisoner with a knife." [Id. at 6]. Plaintiff seeks monetary relief and requests that a "temporary restraining order [TRO] by put in place against all staff mentioned in this claim as defendants." [Id.]. In the alternative to a TRO, Plaintiff requests to be transferred from Marion. [Id.].

Plaintiff has also filed a letter, directed to the Clerk of Court, in which Plaintiff "ask[s] that copies of [his] complaint [ ] be served upon the Defendants by a U.S. Marshal." [Doc. 13]. Plaintiff also asks that he be sent "something" to show that his lawsuit has been "'started'" and "'accepted.'" [Doc. 13].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Personal Property Claim

Plaintiff alleges that, on June 22, 2017, Defendant Bradley mishandled Plaintiff's personal property and labeled it as "threatening contraband" when Plaintiff was transferred to Marion. The Court will allow the Plaintiff the benefit of a very generous inference to read this to mean that it led to the loss of the property in quesiton. Among other things, Plaintiff claims this conduct denied him due process and constituted cruel and unusual punishment.[3]

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640,

---

[3] Plaintiff also claims that he was deprived of "access to the courts" and that "fraud and embezzlement" were committed. [Doc. 18 at 4]. Plaintiff, however, alleges no facts in support of these claims and the Court does not address them further.

642 (7th Cir. 1997). Here, taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not stated a claim under § 1983 for violation of the Eighth Amendment in relation to the deprivation of his personal property. Plaintiff's claim that his personal property was taken simply does not fall within the protections of the Eighth Amendment.

As to Plaintiff's due process rights, Plaintiff has an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property."). As such, Plaintiff's lost property claim based on violation of his due process also fails.

Furthermore, even if Plaintiff had stated a claim for relief under § 1983, it would be barred by the statute of limitations, in any event. Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts borrow the state limitations periods for comparable conduct. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). The statute of

limitations for conversion in North Carolina is three years. N.C. Gen. Stat. § 1-52(4). As such, the deadline for Plaintiff to have filed a claim for his lost property was three years from its alleged taking or by June 21, 2020. Plaintiff did not file his original Complaint in this matter until July 10, 2020.[4]

    Plaintiff asks the Court to excuse his failure to timely file an action based on this claim. [Doc. 2]. This motion will be denied. Even if a cause of action for the alleged conduct were recognized under § 1983, Plaintiff has not alleged adequate grounds for equitable tolling. See Raplee v. United States, 842 F.3d 328, 333 (4th Cir. 2016) (Equitable tolling is "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (internal quotation marks and citation omitted); Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Here, Plaintiff states that his "legal materials" were taken from him on April 28, 2020 and returned to him on May 28, 2020. [Doc. 2 at 1]. Plaintiff

---

[4] Plaintiff's Complaint was mailed on July 8, 2020. [Doc. 1-2].

contends that "this caused [him] to miss [his] last minute to file a claim on what took place on June 22, 2017." [Id. at 1-2]. Plaintiff had over two years and 11 months with his materials to prepare a complaint in this matter and over three weeks after his materials were returned before the filing deadline. This does not constitute an extraordinary circumstance warranting equitable tolling. Accordingly, Plaintiff's claim based on lost personal property would be barred.[5] The Court will, therefore, dismiss this claim and will dismiss Defendant Bradley as a Defendant in this matter.

**B. Failure to Protect**

Plaintiff alleges that Defendant Schitter failed to protect Plaintiff from an attack by another inmate when Schitter released a group of inmates out of their cells before securing another group in their cells. The Court considers this claim as one brought under the Eighth Amendment. "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). As such, the Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials "a duty . . . to protect prisoners from violence at the hands of other

---

[5] It appears Plaintiff may have obtained a judgment in his favor from the North Carolina Industrial Commission on a claim related to this lost property. [See Doc. 18 at 10].

prisoners." Id. at 833 (quotation marks omitted).

The Court finds that, taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, Plaintiff Eighth Amendment claim based on the failure to protect against Defendant Schitter survives initial screening under 28 U.S.C. § 1915(e).

### C. Supervisor Defendants

Plaintiff alleges Defendants Cothron, Corpening, James, and Barker "at some point became involved in both incidents as supervising authorities" and makes no other allegations against them. [Doc. 18 at 6]. The doctrine of respondeat superior, however, does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). As such, Plaintiff has failed to state a claim against Defendants Cothron, Corpening, James, and Barker, as their participation is necessarily not personal in nature. The Court will, therefore, dismiss these Defendants.

### D. Preliminary Injunctive Relief

Plaintiff moves for a temporary restraining order against "all staff mentioned in this claim as Defendants" or, in the alternative, to be transferred from Marion. [Doc. 18 at 6]. Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an

extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

Here, Plaintiff's motion for preliminary injunctive relief fails. As to the dismissed Defendants, Plaintiff can show no likelihood of success on the merits in the first instance because there remains no claim against them. As to Defendant Schitter, Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. The Court will, therefore, deny Plaintiff's request for a temporary restraining order and his alternative request to be transferred to a different facility.

E.     **Plaintiff's Letter**

Plaintiff's letter directed to the Clerk of Court in which he asks the Clerk to have his Complaint served on Defendants, among other relief, is inappropriate and will be stricken from the record in this matter. As Plaintiff was expressly directed in the Order of Instructions mailed to him on July 16, 2020, Plaintiff should never direct letters to the Clerk of Court or to the judge assigned to his case. [Doc. 7 at 2]. Should the Plaintiff seek particular relief, he must file a proper motion with the Court. The Court notes that the relief sought by Plaintiff in the letter was premature, in any event.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim upon which relief may be granted under § 1983 as to Defendant Bradley for his alleged involvement in the deprivation of Plaintiff's personal property and as to Defendants Cothron, James, Corpening, and Barker under Monell. Plaintiff's claim against Defendant Schitter based on the failure to protect under the Eighth Amendment survives initial review. Plaintiff's motion to be excused from application of the limitations period on his personal property claim will be denied and Plaintiff's letter stricken. Finally, Plaintiff's motion for preliminary injunctive relief will be denied.

This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of

12

the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Schitter, who is alleged to be a current or former employee of the NCDPS.

## ORDER

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Schitter, who is alleged to be a current or former employee of NCDPS.

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint [Doc. 18], to the extent that the Court construes it as a motion to amend complaint, is **GRANTED**.

**IT IS FURTHER ORDERED** that all of the claims asserted in this matter as to all Defendants are hereby **DISMISSED with prejudice**, with the exception of the Eighth Amendment claim against Defendant Schitter, which is allowed to pass initial review.

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary injunctive relief [Doc. 18] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's letter [Doc. 13] is hereby **STRICKEN** from the record in in this matter.

**IT IS SO ORDERED**.

Signed: October 12, 2020

Martin Reidinger
Chief United States District Judge