# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:20-cv-00189-MR

| | |
|---|---|
| IAIAN EVANS MCCLELLAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| TODD SCHITTER, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on its own motion.

On October 13, 2020, Plaintiff's Amended Complaint survived this Court's frivolity review as to his Eighth Amendment claim against Defendant Schetter. [Doc. 19]. On December 14, 2020, the North Carolina Department of Public Safety (NCDPS) filed a document under seal indicating it was unable to procure a waiver of service for Defendant Schetter for the reasons stated in that document. [Doc. 23]. The sealed document provides the last known address for Defendant Schetter, which is in the State of Louisiana. [See id.].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, pursuant

to 28 U.S.C. § 1915(d), if the civil action of a prisoner who is proceeding in forma pauperis survives initial review under 28 U.S.C. §§ 1915(e)(2), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). Further, under Rule 4(c)(3) of the Federal Rules of Civil Procedure, the Court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" "if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." Fed. R. Civ. P. 4(c)(3).

Where an individual defendant is a non-resident, service may proceed according to Rule 4(e), which provides that such defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). Rule 4(j)(1)(c) of the North Carolina Rules of Civil Procedure permits service "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c).

Here, despite that a request for a waiver of service was submitted to the NCDPS, no waiver from Defendant Schetter was obtained and it appears that Defendant Schetter did not receive service of process. With the

2

additional information supplied for service on Defendant Schetter, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on Defendant in accordance with Rule 4 of the North Carolina Rules of Civil Procedure, as described above.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 23 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendant Schetter.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Clerk of Court will send a copy of this Order and Docket No. 23 to the U.S. Marshals Service. The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendant Schetter in accordance with the terms of this Order.

The Clerk is also respectfully instructed to correct the spelling of Defendant Todd Schitter to Todd Schetter as reflected in Docket No. 23.

**IT IS SO ORDERED**.

Signed: January 6, 2021

Martin Reidinger
Chief United States District Judge