UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00189-MR

| | |
|---|---|
| IAIAN EVANS MCCLELLAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| TODD SCHETTER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Reconsideration." [Doc. 26].

Pro Se Plaintiff Iaian Evans McClellan ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution in Marion, North Carolina. Plaintiff filed this action on July 10, 2020, pursuant to 42 U.S.C. § 1983. [Doc. 1]. On October 13, 2020, Plaintiff's Second Amended Complaint [Doc. 18] survived initial review as to Plaintiff's Eighth Amendment failure to protect claim against Defendant Todd Schetter only. [Doc. 19]. The Court ordered the Clerk to commence the procedure for waiver of service under Local Civil Rule 4.3. [Id. at 13]. The North Carolina Department of Public Service (NCDPS), however, was

unable to procedure a waiver of service for Defendant Schetter and provided Defendant Schetter's last known address. [Doc. 23]. Thereafter, the Court ordered that the U.S. Marshal use reasonable efforts to locate and obtain service on Defendant. [Doc. 24 at 3]. So far, no executed summons has been returned for Defendant Schetter.

Plaintiff now files a "Motion for Reconsideration" with the Court. [Doc. 26]. In his motion, Plaintiff asks that he be allowed to withdraw his "whole 1983 Complaint in this case matter without being charged the ($350.00) Filing Fee." [Id. at 2]. In the alternative, if the Court will not allow Plaintiff to withdraw his Complaint without paying the filing fee, Plaintiff wishes "to continue what [he has] set in motion" and to amend his Complaint a third time "to add officers who were directly involved in the 'failure to protect incident' along with officer Todd Schitter [*sic*]." [Id.].

As a preliminary matter, although Plaintiff has captioned his filing as a "motion for reconsideration," nowhere does Plaintiff ask the Court to reconsider a previous ruling. [See id.]. To the extent Plaintiff wants to the Court to revisit its Order on initial review of Plaintiff's Second Amended Complaint, Plaintiff's motion is denied. Plaintiff has presented and the Court sees no grounds for the Court to amend its initial review Order. See Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

Next, Plaintiff asks the Court to "void" the filing fee for this action so that Plaintiff may withdraw his Complaint and start over. [Doc. 26 at 2]. The Court will deny this request. A filing fee is exactly that – a fee for filing a complaint. Paying the filing fee (or being allowed to proceed without the prepayment of the filing fee) does not guarantee any particular result. It is merely required when a civil complaint is filed in this Court. See LCvR 3.1. After Plaintiff's fee was received, the Court conducted its initial review and dismissed all but one of Plaintiff's claims. Local Rule 3.1(e) allows for the refund of fees only when payment was made in error or "at the direction of the Court." LCvR 3.1(e)(2). The Court declines to direct that Plaintiff's filing fee be returned under the circumstances here.

Plaintiff may, however, again amend his Complaint. Under Rule 15(a)(2), where a plaintiff has previously amended his complaint, he may amend it again "only with the opposing party's written consent or the court's leave," which should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Here, the sole Defendant has not yet been served and no prejudice will be suffered by Plaintiff's third amendment of his Complaint. Plaintiff is cautioned, however that his amended complaint must be complete in and of itself. This is because the amended complaint will supersede the original complaint, meaning the original complaint will no longer have any

force.  In other words, Plaintiff may not amend the complaint "piecemeal"—he simply cannot add on to what he has already alleged in the complaint.  To this extent, the Court will instruct the Clerk to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 26] is **GRANTED IN PART** insofar as Plaintiff may amend his Complaint in accordance with the terms of this Order and **DENIED IN PART** as to any other relief sought by Plaintiff.  Plaintiff shall file his amended complaint within twenty (20) days of this Order, or his Complaint may be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk is respectfully instructed to mail Plaintiff a blank Section 1983 form.

**IT IS SO ORDERED.**

Signed: April 6, 2021

Martin Reidinger
Chief United States District Judge