# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:20-cv-00189-MR

| | |
|---|---|
| IAIAN EVANS MCCLELLAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| TODD SCHETTER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Third Amended Complaint, filed under 42 U.S.C. § 1983. [Doc. 28]. See 28 U.S.C. §§ 1915(e)(2); 1915A.

## I. BACKGROUND

Pro Se Plaintiff Iaian Evans McClellan ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution ("Marion") in Marion, North Carolina. On October 13, 2020, Plaintiff's Second Amended Complaint [Doc. 18] survived initial review as to Plaintiff's Eighth Amendment failure to protect claim against Defendant Todd Schetter only. [Doc. 19]. Thereafter, Plaintiff asked the Court to allow him to "withdraw" his Complaint and "void" the filing fee or, in the alternative, to

amend his Complaint a third time "to add officers who were directly involved in the 'failure to protect incident.'" [Doc. 26]. The Court denied Plaintiff's motion to withdraw his Complaint and for return of the filing fee but granted Plaintiff's motion to amend his Complaint. [Doc. 27].

Plaintiff has now filed his Third Amended Complaint [Doc. 28], which is before the Court on initial review. Plaintiff names the following individuals as Defendants, who are all alleged to be employees of Marion: (1) Toni L. Banks, identified as a Lieutenant and investigating officer; (2) Todd Schetter, identified as a Correctional Officer; (3) Caleb M. Davis, identified as a Correctional Officer; (4) Wesley E. Ward, identified as a registered nurse; (5) Saint T. Tapp, identified as a Correctional Sergeant; (6) Jacob A. Hicks, identified as a Correctional Sergeant; (7) R. Riles, identified as a Captain; and (8) T. McMahan, identified as a Lieutenant. [Doc. 28 at 2-4]. Plaintiff's claims all arise from an attack on Plaintiff by another inmate. Plaintiff claims that Defendant Schetter "called for another group of inmates to be let out of their cell [to the shower area] when [Plaintiff] was not secured in [his] cell." [Doc. 28 at 5]. This allowed fellow inmate, Joshua Carter, to wait outside the shower and attack Plaintiff when Plaintiff came out. [Id. at 7]. Plaintiff also alleges that Schetter pepper sprayed him during the incident. [Id. at 5].

2

Case 1:20-cv-00189-MR   Document 29   Filed 04/27/21   Page 2 of 13

As to the other Defendants, Plaintiff alleges as follows:

> Lt. T. McMahan; officer in charge at the time failed to sanction staff [and] to declare me as assault victim.
> …
> Caleb Davis; he was the officer at the controls in the control booth who pushed the button to release other prisoners from their cell (Namely Joshua Cater who assaulted me with a deadly weapon!) After receiving OFC. Todd Schetter radio message to let other prisoners out of their cells while I was in the shower. He failed to look in the shower himself from booth.
>
> Toni L. Banks; This Lieutenant literally investigated and done all incident reports stating the position of all persons involved, Lt. Banks told direct lies in her report as if policy was followed when Todd Schetter and Caleb Davis clearly didn't visually take a physical look before opening another group of inmates doors while I was in the shower. Aidding and assisting in a cover up.
>
> Wesley E. Ward; The Nurse who seen me after I was assaulted by inmate Joshua Carter with a deadly weapon. Nurse Ward failed to document my shoulder injury in it's total form an only gave me first aid without sending me to outside medical. The results of such call made has resulted in injury never healing properly.
>
> Saint T. Tapp; The person who gave response to my direct written grievance. Saint T. Tapp being the unit manager assistant who is supervisor of OFC. Davis and Schetter. Saint T. Tapp first step, grievance response to me. He clearly stated stuff under his directive errored, but he failed to sanction Davis and Schetter which made this suite necessary.
>
> Jacob Hicks; The person who handcuffed me after pulling me from the floor in incident where I was the

3

> victim, he responded as an eye witness, used force of handcuffs on me aggressively.
>
> <u>Cpt. R. Riles</u>; shift leader of institution, superior of all officers involved at the time failed to [illegible] or punish officers where they clearly was the ones who errored in rules.

[Doc. 28 at 5 (errors uncorrected)]. Plaintiff made only an Eighth Amendment failure to protect claim based on this alleged conduct.[1] [<u>See</u> <u>id.</u> at 4].

For injuries, Plaintiff states that he was "stabbed and cut on back," "messed up [his] shoulder during [the] struggle," and "clearly had a head injury." [<u>Id.</u> at 7].

For relief, Plaintiff seeks declaratory relief and monetary and punitive damages. [<u>Id.</u>].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

---

[1] The Court, however, will address all claims fairly raised by Plaintiff's allegations.

complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Failure to Protect

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan,

5

511 U.S. 825, 834 (1994) (quotation marks omitted). As such, the Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials "a duty . . . to protect prisoners from violence at the hands of other prisoners." Id. at 833 (quotation marks omitted).

Plaintiff alleges that Defendants Schetter and Davis failed to protect Plaintiff from an attack by another inmate when Schetter directed that a group of inmates be released from their cells to the shower area before securing another group in their cells and Defendant Davis executed the directive without confirming the shower area was clear. Plaintiff alleges that as a result he was violently assaulted by another inmate. The Court finds that, taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, Plaintiff Eighth Amendment claim based on the failure to protect against Defendants Schetter and Davis survives initial screening under 28 U.S.C. § 1915(e).

B. **Failure to Punish**

Plaintiff alleges that Defendants McMahan, Tapp, and Riles were in supervisory positions and failed to sanction or punish staff, including Schetter and Davis, after the assault for failing to follow procedure. Plaintiff, however, has no constitutional right to have officers allegedly responsible for his injuries internally punished or sanctioned by their supervisors or by their

6

correctional facility. As such, even if Defendants Schetter and Davis did violate Plaintiff's Eighth Amendment rights by failing to protect the Plaintiff, Defendants McMahan, Tapp, and Riles are not liable under § 1983 for not punishing Schetter and Davis after the fact.

### C. Deliberate Indifference to Serious Medical Need

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

7

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

Plaintiff alleges that Nurse Ward examined Plaintiff after the assault and failed to completely document Plaintiff's shoulder injury. Plaintiff also alleges that Nurse Ward gave Plaintiff first aid but did not send him to an outside medical facility. Taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, Plaintiff has failed to state a claim against Nurse Ward for deliberate indifference to Plaintiff's serious medical need. While Plaintiff's allegations may rise to the level of negligence, they do not support that Nurse Ward knew of and consciously or

intentionally disregarded "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. The Court will, therefore, dismiss this claim.

To the extent Plaintiff intended to assert a claim for medical negligence, he has also failed. Plaintiff has not complied with Rule 9(j) of the North Carolina Rules of Civil Procedure, which requires plaintiffs asserting medical malpractice actions to obtain an expert review of "the medical care and all medical records" before filing a lawsuit, and for a medical expert to certify that. N.C. Gen. Stat. § 1A-1, Rule 9(j). The Court will dismiss this claim without prejudice.

### D. Excessive Force

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Furthermore, prisoners have no right to be housed in any particular facility, at a particular custody level, or in a particular

portion or unit of a correctional institution.  Pevia v. Hogan, 443 F.Supp.3d 612, 634 (4th Cir. 2020).

As to the use of excessive force, to establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind.  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).  In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm."  Whitley, 475 U.S. at 320-21.

Here, Plaintiff alleges that Defendant Hicks handcuffed Plaintiff "aggressively" after pulling Plaintiff from the floor after the alleged attack and that Defendant Schetter used pepper spray on Plaintiff.  Taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not stated a claim under the Eighth Amendment against these Defendants based on the use of excessive force.  These allegations alone do not satisfy either the objective or subjective component of an Eighth Amendment claim.  Defendant Hicks will, therefore, be dismissed on initial

review.

## E. Investigation of the Assault

Plaintiff alleges that Defendant Banks "told direct lies in her [incident] report as if policy was followed" by Schetter and Davis" and that Banks "aid[ed] and assist[ed] in a cover up." [Doc. 28 at 5]. Plaintiff does not state how the alleged conduct violated his constitutional rights or what harm he suffered thereby. To the extent that Plaintiff was subject to false misconduct charges due to Banks' report, Plaintiff does not have a constitutional right to be free from false disciplinary reports. See Lewis v. Viton, No. 07-3663, 2007 WL 2362587, at *9 (D. N.J. Aug. 14, 2007) ("The act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.") (citation omitted). To the extent that Banks' incident report may have affected the grievance procedure or outcome, Plaintiff does not have a constitutional right of access to grievance procedures. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.") (citation omitted).

As such, Plaintiff has failed to state a claim against Defendant Banks on initial review and she will be dismissed as a Defendant in this matter.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim upon which relief may be granted under § 1983 as to Defendants McMahan, Banks, Ward, Tapp, Hicks, and Riles. Plaintiff's claim against Defendants Schetter and Davis based on the failure to protect under the Eighth Amendment survives initial review.

This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review on Plaintiff's Third Amended Complaint in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Schetter and Davis, who are alleged to be current or former employee of the NCDPS.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The failure to protect claim against Defendants Schetter and Davis survives initial review;

(2) The remaining claims are dismissed without prejudice for failure to state a claim upon which relief may be granted;

(3) Defendants McMahan, Banks, Ward, Tapp, Hicks, and Riles shall be dismissed as Defendants in this matter;

**IT IS FURTHER ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Schetter and Davis, who are alleged to be current or former employees of NCDPS.

**IT IS SO ORDERED**.

Signed: April 26, 2021

Martin Reidinger
Chief United States District Judge