# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:20-cv-00189-MR

| | |
|---|---|
| IAIAN EVANS MCCLELLAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TODD SCHETTER, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration [Doc. 36], which the Court construes as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Pro se Plaintiff Iaian Evans McClellan ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution in Marion, North Carolina. Plaintiff filed this action on July 10, 2020, pursuant to 42 U.S.C. § 1983, naming as Defendants Berry Carver, identified as the Superintendent at Marion; David E. Cothron, identified as the Assistant Superintendent at Marion; Jeff James, identified as the Unit Manager at Marion; Jodi Bradley, identified as a Correctional Officer at Marion; Todd Schetter, identified as a Correctional Officer at Marion; and

Robert T. Barker, identified as Disciplinary Hearing Officer at Marion.[1] [Doc. 1 at 3-4].

Before the Court conducted its initial review, Plaintiff filed an Amended Complaint. [Doc. 15]. He named nearly the same Defendants, omitting Defendant Carver, and adding Defendant A. Corpening, whom Plaintiff identified therein as the Superintendent at Marion. [Id. at 2-4]. Then, on September 28, 2020, Plaintiff filed a Second Amended Complaint, but failed to seek leave of Court to do so. [See Doc. 18]. For the sake of efficiency, the Court allowed Plaintiff to amend his complaint. In his Second Amended Complaint, Plaintiff named the same Defendants as in his Amended Complaint. [See id.].

On October 13, 2020, Plaintiff's Second Amended Complaint [Doc. 18] survived initial review as to Plaintiff's Eighth Amendment failure to protect claim against Defendant Todd Schetter only. [Doc. 19]. The Court dismissed the claims against Defendants Cothran, James, Corpening, Barker, and Bradley with prejudice for the reasons stated in the Court's Order. [Doc. 19 at 12-13]. Thereafter, Plaintiff asked the Court to allow him to "withdraw" his Complaint and "void" the filing fee or, in the alternative, to amend his

---

[1] Plaintiff originally filed his action in the Eastern District of North Carolina. The same day, the Richard E. Meyers II, United States District Judge, transferred the action to this District where venue is appropriate. [Doc. 5].

Complaint a third time "to add officers who were directly involved in the 'failure to protect incident.'" [Doc. 26]. The Court denied Plaintiff's motion to withdraw his Complaint and for return of the filing fee but granted Plaintiff's motion to amend his Complaint. [Doc. 27].

Plaintiff then filed a Third Amended Complaint. [Doc. 28]. Plaintiff named the following individuals as Defendants, who were all alleged to be employees of Marion: (1) Toni L. Banks, identified as a Lieutenant and investigating officer; (2) Todd Schetter, identified as a Correctional Officer; (3) Caleb M. Davis, identified as a Correctional Officer; (4) Wesley E. Ward, identified as a registered nurse; (5) Saint T. Tapp, identified as a Correctional Sergeant; (6) Jacob A. Hicks, identified as a Correctional Sergeant; (7) R. Riles, identified as a Captain; and (8) T. McMahan, identified as a Lieutenant. [Doc. 28 at 2-4]. Plaintiff's claims in his Third Amended Complaint all arose from an attack on Plaintiff by another inmate. [See id.]. On initial review, the Court found that Plaintiff failed to state a claim upon which relief may be granted under § 1983 as to Defendants McMahan, Banks, Ward, Tapp, Hicks, and Riles. [Doc. 29 at 12]. The Court, however, allowed Plaintiff's claims against Defendants Schetter and Davis to proceed. [Id.].

Plaintiff now moves the Court to reconsider its October 13, 2020 Order on initial review of Plaintiff's Second Amended Complaint. [Doc. 36].

Specifically, Plaintiff asks the Court to amend its Order dismissing Defendants Cothron, Bradley, Barker, James, and Corpening with prejudice to a dismissal without prejudice "so that [Plaintiff] can bring suit against them in the future." [Id. at 2]. Plaintiff then alleges certain facts relative to these Defendants that he believes would have, if alleged in Plaintiff's Second Amended Complaint, saved these Defendants from dismissal with prejudice. [Id. at 3].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting

11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Moreover, none of the additional facts alleged by Plaintiff in the instant motion would have changed the Court's original decision dismissing these Defendants. The Court, therefore, denies Plaintiff's motion to reconsider.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration [Doc. 36] is **DENIED**.

Signed: June 3, 2021

Martin Reidinger
Chief United States District Judge