| | | |
|---|---|---|
| **IAIAN EVANS MCCLELLAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **TODD SCHETTER, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Default Judgment" [Doc. 44], which the Court construes as a motion for entry of default.

Plaintiff Iaian Evans McClellan ("Plaintiff") filed this lawsuit on July 10, 2020. [Doc. 1]. On April 27, 2021, Plaintiff's Third Amended Complaint [Doc. 28] survived initial review as to Plaintiff's claims against Defendants Todd Schetter and Caleb Davis for their failure to protect under the Eighth Amendment. [Doc. 29]. The Court ordered the Clerk of Court to begin the procedure for waiver of service on these Defendants pursuant to Local Civil Rule 4.3. [Id. at 13]. For reasons not relevant here, the Court modified its order to allow service of Defendant Schetter by the U.S. Marshal by summons. [4/27/2021 Text Order]. A request for waiver of service for

Defendant Davis was transmitted to the NCDPS on April 27, 2021, making waiver of service due by June 28, 2021. [Doc. 31]. Defendant Schetter was served by summons on May 9, 2021. [Doc. 39]. After allowing Defendant Schetter additional time, Defendant Schetter timely answered the Third Amended Complaint. [Doc. 42]. On June 28, 2021, Defendant Davis' waiver of service was returned executed, making his answer due on August 27, 2021. [See 6/28/2021 Docket Entry]. Defendant Davis, however, has not answered the Complaint or otherwise defended this action. On November 9, 2021, the Court ordered Plaintiff to take further action to prosecute this case against Defendant Davis. [Doc. 43].

Plaintiff timely filed the pending motion, which the Court construes as a motion for entry of default. [Doc. 44]. As grounds for entry of default, Plaintiff states that Defendant Davis has not answered or otherwise defended this action. [Id.]. The Court will grant Plaintiff's motion and direct the Clerk to enter default in this matter under Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiff may now move for default judgment under Rule 55(b)(2).

Given defense counsel's history with this Court in failing to abide the deadlines of the Federal Rules of Civil Procedure and the Court and to generally manage his cases, the Court will direct the Clerk to send a copy of

2

this Order to James Trachtman, Special Deputy Attorney General, who the Court understands to be defense counsel's supervisor.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 44] is **GRANTED**.

The Clerk is **DIRECTED** to enter default in this matter against Defendant Davis.

The Clerk is respectfully instructed to email a copy of this Order to James Trachtman, Special Deputy Attorney General, Section Head, Public Safety Section, North Carolina Department of Justice at jtrachtman@ncdoj.gov.

**IT IS SO ORDERED**.

Signed: December 6, 2021

Martin Reidinger
Chief United States District Judge