UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO. 1:20-CV-00189-MR

| | |
|---|---|
| IAIAN EVANS MCCLELLAN, ) | |
| ) | |
| Plaintiff, ) | **ANSWER OF DEFENDANT CALEB M.** |
| ) | **DAVIS TO PLAINTIFF'S** |
| v. ) | **AMENDED COMPLAINT** |
| ) | **[D.E. 28]** |
| TODD SCHETTER, et al., ) | |
| ) | |
| Defendants. ) | |

NOW COMES Defendant Caleb M. Davis, in his individual capacity (hereinafter "Defendant", "Answering Defendant" or "Davis") by and through undersigned counsel and respond to Plaintiff's Amended Complaint [D.E. 28] as follows:

## I. PARTIES

### A. The Plaintiff

It is admitted that, at the time of the filing of the Complaint, Plaintiff was confined at Marion Correctional Institution in Marion, North Carolina. Except as herein admitted, the remaining allegations contained in this subsection are denied.

### B. Defendants(s)

1. To the extent a response is required, it is admitted that Caleb Davis was an employee of the Department of Public Safety at the time of the allegations in Plaintiff's Amended Complaint. Except as admitted, herein denied.

## II. BASIS FOR JURISDICTION

It is admitted that this action is purportedly brought under 42 U.S.C. Section 1983. Except as admitted herein, denied.

## III. PRISONER STATUS

It is admitted that Plaintiff is currently housed at Marion Correctional Institution in Marion, North Carolina where he is serving a sentence of 17 years and 3 months for manslaughter. Except as herein admitted, the remaining allegations contained in this subsection are denied.

## IV. STATEMENT OF CLAIM

A. Denied.

B. Denied.

C. Denied.

D. Denied.

## V. INJURIES

Plaintiff's medical records speak for themselves.

## VI. RELIEF

Answering Defendant incorporate and allege the responses hereinabove. It is specifically denied that Plaintiff has asserted any facts sufficient to state a claim for compensatory, declaratory, injunctive relief and/or punitive damages against Answering Defendant.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

It is admitted that Plaintiff has submitted a grievances pursuant to the Administrative Remedy Procedure. It is further admitted that the grievance speaks for itself as to the content and the date submitted. It is denied that Plaintiff exhausted his administrative remedies with regard to all allegations in his Amended Complaint. Except as admitted, Section VII of Plaintiff's Complaint is denied.

## VIII. PREVIOUS LAWSUITS

It is admitted that Plaintiff has brought prior lawsuits in state or federal court while a prisoner. Answering Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations contained in Section VIII and the same are therefore denied.

## IX. CERTIFICATION AND CLOSING

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFF'S AMENDED COMPLAINT, INCLUDING THE RELIEF REQUESTED AND ANY ALLEGATIONS CONTAINED IN THE ATTACHMENTS THERETO, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED. FURTHER THE COMPLAINT OF THE PLAINTIFF AND AS FURTHER DEFENSES THERETO, DEFENDANTS AVER:**

## FIRST FURTHER DEFENSE

Defendant is shielded from liability by Eleventh Amendment and sovereign immunity, which is asserted by Defendant as a complete bar to all applicable claims in this action, including but not limited to any official capacity claims against them. Defendant have not waived any applicable immunities or otherwise consented to being sued.

## SECOND FURTHER DEFENSE

Defendant acted in good faith, without malice, and with the reasonable belief that his

3

Case 1:20-cv-00189-MR    Document 47    Filed 12/06/21    Page 3 of 7

actions were lawful and consistent with Plaintiff's clearly established rights at all times. Defendant is therefore protected from liability in this action by qualified immunity which they specifically asserts as a defense and bar to all applicable claims in this action.

### THIRD FURTHER DEFENSE

Defendant pleads public official/public officer immunity as a complete bar to all applicable claims asserted in the Complaint.

### FOURTH DEFENSE

To the extent not already asserted herein, Defendant pleads all other applicable immunities (including all absolute and qualified immunities) to which they are entitled by law as a complete bar to all applicable claims in his action.

### FIFTH DEFENSE

Defendant denies that Plaintiff's constitutional rights were violated. Defendants specifically deny that Plaintiff was subjected to failure to protect, retaliation, excessive force, cruel and unusual punishment, or deliberate indifference by him at any time.

### SIXTH FURTHER DEFENSE

Plaintiff's alleged, but denied, damages were not proximately caused by any act or omissions by Defendant.

### SEVENTH FURTHER DEFENSE

Defendant pleads Plaintiff's failure to mitigate his alleged, but denied, damages as a bar to all applicable damages, injuries, and claims asserted in the Complaint.

### EIGHTH FURTHER DEFENSE

Plaintiff's Complaint fails to assert sufficient facts to state or support an award of punitive

damages as to Defendant, as no allegations are asserted in the Complaint which set forth or forecast intentional or reckless disregard by Defendant of injury, of evil motive, or of the required intent or aggravated conduct required to support or prevail as to a claim for punitive damages.

### NINTH FURTHER DEFENSE

As to Plaintiff's claims for punitive damages, Defendant pleads absolute, sovereign and governmental immunity as a bar to said claim. Defendant also asserts and raises all applicable defenses, rights, remedies, immunities, limits, and right to bifurcation set forth in Chapter 1D of the North Carolina General Statutes as a bar or limitation to Plaintiff's right to recover punitive damages in this action.

### TENTH FURTHER DEFENSE

Plaintiff failed to state claims upon which relief can be granted and this action, either in whole or in part, should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### ELEVENTH FURTHER DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the Prison Litigation Reform Act. Defendant specifically pleads Plaintiff's failure, if any, to exhaust all administrative remedies as a defense to all applicable claims asserted in this action. Defendant reserves the right to move to dismiss Plaintiff's Complaint for failure to exhaust the available administrative remedies pursuant to the NCDPS' Administrative Remedy Procedure.

### TWELFTH FURTHER DEFENSE

To the extent that Plaintiff seeks declaratory and injunctive relief concerning the facility

involved in the alleged (but denied) wrongful conduct referred to in Plaintiff's Complaint, said claims and requests for relief are moot as Plaintiff, upon information and belief, is no longer housed at said facility, or housed subject to said conditions.

### **THIRTEENTH FURTHER DEFENSE**

Defendant reserves the right, as allowed by law or the Court, to amend their Answer to assert any additional affirmative or other defenses allowed by the Federal Rules of Civil Procedure which develop or arise as additional evidence is discovered during the course of this litigation.

**WHEREFORE**, having responded to the allegations of Plaintiff's Complaint, and having asserted the above noted affirmative defenses and immunities, Defendant pray the Court as follows:

1. That the Complaint be dismissed with prejudice;
2. That Plaintiff have and recover nothing from him in this action;
3. That the costs of this action, including reasonable attorney's fees as allowed by law, be taxed to Plaintiff;
4. For such other and further relief as the Court deems just and proper; and
5. For a trial by jury on all issues so triable.

This the 6th day of December, 2021.

**JOSHUA H. STEIN**
**Attorney General**

/s/Bryan G. Nichols
Bryan G. Nichols
Assistant Attorney General
N.C. State Bar No. 42008
N.C. Department of Justice

Public Safety Section
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6568
Facsimile: (919) 716-6761
E-Mail: bnichols@ncdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that the date indicated above, I electronically filed the foregoing **ANSWER OF DEFENDANT CALEB DAVIS TO PLAINTIFF"S AMENDED COMPLAINT [D.E. 28]** with the Clerk of the Court using the CM/ECF system, I further certify that I have, on the 7th of December, served a copy of same upon the Plaintiff, a non CM/ECF participant via first-class regular United States Mail addressed as follows:

Iaian E. McClellan
OPUS# 0512345
Marion Correctional Institution
355 Old Glenwood Road
Marion, NC 28752

This the 6th day of December, 2021.

/s/ Bryan G. Nichols
Bryan G. Nichols
Assistant Attorney General