IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00189-MR

| | |
|---|---|
| IAIAN EVANS MCCLELLAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TODD SCHETTER, et al., ) <br> ) <br> Defendant. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Compel Discovery, and to Announce Plaintiff Not Being Satisfied with Discovery as Handled by North Carolina Prisoner Legal Services." [Doc. 73].

Plaintiff Iaian Evans McClellan ("Plaintiff") filed this lawsuit on July 10, 2020. [Doc. 1]. On April 27, 2021, Plaintiff's Third Amended Complaint ("Complaint") [Doc. 28] survived initial review as to Plaintiff's claims against Defendants Todd Schetter and Caleb Davis for their failure to protect under the Eighth Amendment. [Doc. 29]. The Court appointed the North Carolina Prisoner Legal Services (NCPLS) to conduct discovery for Plaintiff, [Doc. 53 at 2], and NCPLS Attorney Cory Tischbein appeared in this case for Plaintiff for the purpose of conducting discovery, [Doc. 55].

After several extensions, the deadline to complete discovery in this matter was set for August 4, 2022, and the deadline for dispositive motions is September 6, 2022. [7/25/2022 Text Order; see Doc. 53 and 4/19/2022, 6/21/2022, 7/11/2022, and 7/25/2022 Text Orders]. On August 4, 2022, Attorney Tischbein moved to withdraw as counsel for Plaintiff, noting that he had reviewed Defendants' discovery responses, provided Plaintiff with hard copies of the relevant documents, and "provided him with guidance regarding this case." [Doc. 70 at 2]. The Court granted the motion to withdraw. [Doc. 72].

Plaintiff now moves to compel discovery responses from Defendants and advises the Court that he is not satisfied with how Attorney Tischbein conducted discovery in this matter. [Doc. 73]. Plaintiff states that, at the conclusion of discovery, Tischbein gave him copies of certain purportedly relevant documents produced by Defendants in discovery, but that those documents did not include relevant documents that were requested. Plaintiff contends that defense counsel, Bryan Nichols, failed to produce the following documents: (1) the record of the disciplinary infraction charged against Plaintiff in relation to the incident that was dismissed; (2) the "Use of Force" statements written by Plaintiff and the other inmate, Joshua Carter, who assaulted Plaintiff; (3) the disciplinary infraction record for the charge against

2

Carter for his assault on Plaintiff; (4) Plaintiff's medical records from treatment for his assault-related injuries; and (5) Plaintiff's sick call request forms documenting Plaintiff's condition after the assault. [Id. at 2-3]. Plaintiff argues that the documents provided by Tischbein from Nichols are irrelevant. [Id. at 3]. Plaintiff contends that "the facts surrounding this case already have been presented at the state court civil level, by North Carolina Industrial Commission" and he knows "of the factual evidence and discovery that already exist[s]." [Id. at 2].

Plaintiff, however, fails to include the subject discovery requests and Defendants' response(s) thereto. The Court cannot assess and address Plaintiff's motion without these materials. The deadline to respond to Plaintiff's motion has expired and Defendants have not responded. The Court will deny Plaintiff's motion without prejudice to his properly presenting it within 14 days of this Order. The Court will sua sponte extend the dispositive motions deadline to allow for resolution of this discovery matter. The Court will also Order that, should Plaintiff timely file a proper motion to compel, Defendants shall respond within 14 days of such motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Compel [Doc. 73] is **DENIED without prejudice** in accordance with the terms of this Order.

3

**IT IS FURTHER ORDERED** that Plaintiff shall **FILE** a renewed motion to compel within 14 days of this Order or this matter will proceed with dispositive motions. If Plaintiff timely files a renewed motion to compel, Defendants shall **RESPOND** thereto within seven (7) days.

**IT IS FURTHER ORDERED** that the dispositive motions deadline in this matter is hereby **EXTENDED** to October 6, 2022.

**IT IS SO ORDERED**.

Signed: September 2, 2022

Martin Reidinger
Chief United States District Judge