IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00189-MR

| | |
|---|---|
| IAIAN EVANS MCCLELLAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TODD SCHETTER, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment, [Doc. 78], and Plaintiff's Motion for Reconsideration, [Doc. 88], which the Court construes as a motion for extension of time to respond to Defendants' Motion for Summary Judgment.

**I.     PROCEDURAL BACKGROUND**

*Pro se* Plaintiff Iaian Evans McClellan ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 for violation of his civil rights while incarcerated at Marion Correctional Institution ("Marion CI") in Marion, North Carolina. [Doc. 1]. Plaintiff thrice amended his Complaint, none of which were verified. [Docs. 15, 18, 28; see Doc. 1]. Plaintiff's Third Amended Complaint survived initial review as to Plaintiff's Eighth Amendment failure to protect claim against Defendants Todd Schetter and Caleb Davis. [Doc. 29]. Plaintiff's

other claims and the remaining Defendants were dismissed. [Id. at 13]. Plaintiff alleged that Defendants Schetter and Davis failed to protect Plaintiff from an attack by another inmate when Schetter directed that a group of inmates be released from their cells to the shower area before securing another group in their cells and that Defendant Davis executed this directive without confirming the shower area was clear. [Doc. 28 at 5].

On October 6, 2022, Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. [Doc. 78]. In support of their summary judgment motion, Defendants submitted a memorandum, the Affidavits of Defendants Schetter and Davis, and Plaintiff's offender information sheet and infraction history. [Docs. 80, 81-1 to 81-4]. The Court entered an order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 83]. In response, Plaintiff submitted a memorandum, his own Affidavit, grievance records, various prison records related to the incident, and "Opposing Statements of Material Facts, Which Can Be Disputed," which includes Defendants'

discovery responses.[1]  [Docs. 87, 87-1, 89, 89-1, 89-2].

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is material only if it might affect the outcome of the suit under governing law.  Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party.  The nonmoving party "must set forth specific facts showing that there

---

[1] Plaintiff moved for additional time to file the Opposing Statements of Material Facts [Doc. 88], which the Court grants here.

3

Case 1:20-cv-00189-MR   Document 90   Filed 03/14/23   Page 3 of 10

is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Namely, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. Facts, however, "must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). That is, "[w]hen the moving party has carried its burden under Rule 56(c), the opponent must do more than simply show there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,

there is no genuine issue for trial." Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986) (citation and internal quotation marks omitted).

## III. FACTUAL BACKGROUND

The forecast of evidence, in the light most favorable to the non-movant, is as follows.

On June 14, 2018, at approximately 7:30 p.m., Plaintiff, who was a Lower F Unit Group Two inmate, was taking a shower at Marion CI.[2] [Doc. 87-1 at 5: McClellan Aff.; Doc. 89-1 at 13]. While Plaintiff was in the shower, Defendant Schetter radioed the control booth and directed Defendant Davis to release Group Three inmates into the dayroom. [Doc. 87-1 at 5, 18]. Rather than visually inspecting the shower area and dayroom to ensure no Group Two inmates remained before releasing Group Three inmates, Defendants relied on the control panel, which reflected that all Group Two inmates' cell doors were secure. [Id.]. Meanwhile, Group Three inmate, Joshua Carter, realizing that Plaintiff remained in the shower area, waited outside the shower area, and attacked Plaintiff with a homemade weapon when Plaintiff exited the shower area. [Id.; see Doc. 87-1 at 21]. Plaintiff

---

[2] The Lower F Unit at Marion CI is a Rehabilitative Diversion Unit (RDU). [See Doc. 89 at 1]. Lower F Unit shower facilities are accessed through and/or considered a part of the dayroom.

5

suffered injuries to his face, back, and left shoulder during the attack. [Doc. 87-1 at 5].

Defendants Schetter and Davis never gave Plaintiff a direct order or warning to lock down or get out of the shower area before Plaintiff was attacked. [Doc. 87-1 at 5]. Defendant Schetter and Davis should have known that offenders in different groups are never supposed to be in the day room or shower area at the same time. [Id.]. Defendants Schetter and Davis, however, had no knowledge that Plaintiff and Carter had any contention with each other or that Carter posed a risk to Plaintiff's safety. [Doc. 81-1 at ¶¶ 6, 8: Schetter Dec.; Doc. 81-2 at ¶¶ 6, 8: Davis Dec.].

Nonetheless, Defendants Schetter and Davis violated prison policy by failing to ensure all Group Two inmates were securely in their cells before releasing Group Three inmates. [Doc. 89 at 1; see Doc. 87-1 at 2, 5]. Offenders in different groups are allowed to cross paths only during necessary movement within the prison and only under direct officer observation. [Doc. 87-1 at 5].

An investigation of the incident was conducted. [See Doc. 87-1 at 15]. Security Risk Group (SRG) Intelligence Officer Adam Hergenrother attempted to speak with Plaintiff and Carter regarding possible SRG activity. Because neither inmate is classified as SRG and because both refused to

6

speak to Hergenrother, he concluded that the incident was not SRG-related. [Id.].

## IV. DISCUSSION

### A. Failure to Protect

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). Claims under 42 U.S.C. § 1983 based on an alleged failure to protect fall within the Eighth Amendment's prohibition against cruel and unusual punishment. The negligent failure to protect an inmate from assaults by other prisoners, or by other prison guards, does not rise to the level of an unconstitutional violation. Davidson v. Cannon, 474 U.S. 344, 348 (1986). To show deliberate indifference, a plaintiff must show that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014) (citation omitted). In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Violation of a prison policy by prison officials, however, does not establish a constitutional violation. See Riccio v. Cty of Fairfax, 907 F.2d

7

1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights that the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue.").

The forecast of evidence shows that Defendants failed to ensure that no RDU Group Two inmates remained in the shower area before releasing RDU Group Three inmates into the dayroom. The forecast of evidence also shows that, as a result of this failure, Plaintiff was attacked by another RDU inmate with a homemade weapon and that Plaintiff was injured. The forecast of evidence also shows that Defendants' failure violated prison policy.

While the forecast of evidence shows that Plaintiff and Carter were housed in the RDU, there is no forecast of evidence that Carter had a history of violence. Moreover, Plaintiff fails to present a forecast of evidence that Defendants knew Plaintiff and Carter were at odds, or that Carter posed a threat to Plaintiff's safety. Since the forecast of evidence fails to include anything tending to prove this essential element of Plaintiff's claim, the Defendants are entitled to summary judgment on the claim that they were deliberately indifferent to an excessive risk to Plaintiff's safety. Though it is undisputed that neither Plaintiff nor Carter were SRG-classified, the Court cannot extrapolate from the forecasted evidence that the Defendants were aware of any particular risk to Plaintiff from Carter (or any Group Three

inmate). No genuine issue of fact remains as to this claim. The Court, therefore, will grant summary judgment for Defendants Schetter and Davis.

## B. Qualified Immunity

"Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). "To determine whether an officer is entitled to qualified immunity, the court must examine (1) whether the plaintiff has demonstrated that the officer violated a constitutional right and (2) whether that right was clearly established at the time of the alleged violation." E.W. ex rel. T.W. v. Dolgos, 884 F.3d 172, 178 (4th Cir. 2018) (internal quotation marks omitted). The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015) (internal quotation marks omitted).

Here, because Plaintiff has not forecasted evidence that Defendants violated a constitutional right, Defendants are also entitled qualified immunity on Plaintiff's individual capacity claims. The Court, therefore, grants summary judgment for Defendants on this ground as well.

9

Case 1:20-cv-00189-MR    Document 90    Filed 03/14/23    Page 9 of 10

## VI. CONCLUSION

For all the foregoing reasons, Defendants' motion for summary judgment is granted.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Summary Judgment [Doc. 78] and Plaintiff's Motion [Doc. 88] are **GRANTED**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 12, 2023

Martin Reidinger
Chief United States District Judge